IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERONDA M. ERVIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-09-03476 |
| ALLIANT TECHSYSTEMS, INC., A/K/A ATK, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Sharonda M. Ervin ("Plaintiff" or "Ervin") filed this action against Defendant Alliant Techsystems, Inc. ("Defendant" or "ATK") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and for the tort of wrongful discharge under Maryland law. Pending before this Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 16). Plaintiff did not file a response to Defendant's Motion for Summary Judgment. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Alliant Techsystems, Inc.'s Motion for Summary Judgment (ECF No. 16) is GRANTED.

### BACKGROUND

While this Court reviews the facts relating to this claim in the light most favorable to the Plaintiff, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), the Plaintiff has not filed

1

any response to the Defendant's Motion for Summary Judgment or its recitation of the facts in this case.

Plaintiff filed this action seeking monetary damages and equitable relief against Defendant for violations of Title VII (Count IV), the FMLA (Count I), the FLSA (Count II) and for the tort of wrongful discharge under Maryland law (Count III). *See* Pl.'s Compl. (ECF No. 1). Generally, Plaintiff alleges in her Complaint that she (1) was discriminated against in the workplace on the basis of her race and gender as well as retaliated against for voicing her concerns; (2) was the victim of retaliation and harsh treatment for her use of FMLA leave; (3) "was not compensated in accordance with the requirements of the FLSA" regarding overtime pay; and (4) was unfairly discharged due to "animosity harbored [against her] by her immediate supervisors and managers." *Id*.

Plaintiff was employed by Defendant from February 7, 2005 to December 6, 2007 and worked as an Accountant in the Financial Analysis Department of ATK's Elkton, Maryland location. *Id*. at ¶4, 8. Defendant, ATK, is an aerospace and defense company with offices in a number of states. *Id*. at 2. The Complaint alleges that Ervin was the only African American in her department and that there were only two to three other African Americans at the Elkton location. *Id*. at 10. In the Complaint, Plaintiff contends that from February 2006 to May 2006 she was the victim of gender and race discrimination due to the actions of Ms. Andersen, a Business Manager within her Department. *Id.* at 15-22. Plaintiff further alleges that she received a discriminatory sanction on February 2007, after sending a video in an email to her colleagues. *Id.* at 23-24. Upon receiving this sanction and during the month of February 2007, Plaintiff filed a grievance with the Human Resources department. *Id.* at 25-31. On August 7,

2007, Plaintiff alleges that she was suspended by her supervisor, Mr. Feveryear, for utilizing her FMLA leave. *Id.* at 32-38. In November 2007, Plaintiff was also suspended for having an altercation with a co-worker and her supervisor, Mr. Feveryear. Def.'s Mem. in Supp. of its Mot. For Summ. J., 11 (ECF No. 16-1). Finally, Plaintiff alleges that she was wrongfully discharged on December 6, 2007 and that she is owed overtime pay pursuant to the FLSA. Pl.'s Compl., 42-53 (ECF No. 1).

On April 11, 2008, Plaintiff filed a claim for discrimination and retaliation in violation of Title VII with the Equal Employment Opportunity Commission ("EEOC") in Philadelphia. *Id*. On September 30, 2009 that claim was transferred to the Baltimore office of the EEOC. Plaintiff then filed this action in this Court on December 30, 2009. Thereafter, Defendant ATK moved for summary judgment on November 22, 2010 and Plaintiff has not filed a response.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable

inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

ANALYSIS

Defendant argues that a majority of Plaintiff's claims are barred by the respective statutes of limitations and that the remaining claims do not create a genuine dispute of material fact. As the Plaintiff did not file a response to Defendant's Motion for Summary Judgment, this Court takes the facts as set forth by the Defendants as undisputed.

I. **Plaintiff's Title VII Claims (Count IV)**

Defendant argues that Plaintiff's Title VII claims based on race and gender discrimination as well as her receipt of a discriminatory disciplinary sanction are barred by the statute of limitations. Moreover, Defendant contends that Plaintiff fails to establish a retaliation claim under Title VII.

To bring a Title VII claim in federal court, "a plaintiff must first exhaust her

4

administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000). Under Title VII, such a claim must be filed with the EEOC within 180 days of the alleged misconduct. 42 U.S.C. § 2000e-5(e)(1). In a deferral state such as Maryland, this period is extended to 300 days in cases such as this, "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency."[1] *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). As a result, "alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not be subsequently challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 592 (D. Md. 2000). Here, Plaintiff first filed her EEOC claims on April 11, 2008. Thus, any allegations of discrimination and retaliation concerning events which occurred prior to June 16, 2007 are barred by the statute of limitations. First, Plaintiff alleges that Ms. Andersen discriminated against her both on the basis of race and gender. Second, Plaintiff contends that she received a discriminatory sanction after emailing a video to her colleagues. As Plaintiff's claims against Ms. Andersen are based on interactions taking place in 2006 and not later, these allegations are time barred. Similarly, Plaintiff's discriminatory discipline claim is time barred as it occurred in February of 2007.

To state a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) the employer took adverse employment action against the plaintiff; and (3) the protected activity was causally connected to the adverse action. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Plaintiff contends that she was suspended in August and

---

[1] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state because the Maryland Commission on Human Relations (MCHR) constitutes a state agency that is capable of providing relief from discrimination.

November 2007, and then terminated in December 2007, as a result of her filing a complaint against her supervisors. While the first two prongs of a retaliation claim are satisfied, Plaintiff does not meet the third requirement for such a claim. Indeed, the United States Court of Appeals for the Fourth Circuit held that where six months have elapsed between an employee's action and the alleged adverse employment retaliation, the inference of causation is negated. *Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001); *see also Conner v. Schmuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (holding that a four month lag does not justify an inference of causation). In this case, Plaintiff was first suspended six months after filing her grievance and then discharged ten months later. Accordingly, the lapse of time between the filing of the grievance and the suspensions and termination negates any potential causal connection. Therefore, Plaintiff has not established a *prima facie* case of retaliation under Title VII.

Even assuming that Ervin, established a *prima facie* retaliation case, she failed to prove that ATK's reason for its action was pretextual. Retaliation claims under Title VII are analyzed according to the "burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800-06 (1973)." *Yashenko v. Harrah'sNC Casion Co., LLC*, 446 F. 3d 541, 550-551 (4th Cir. 2006). Once a Plaintiff establishes a *prima facie* retaliation case, the burden shifts to the Defendant to "articulate a legitimate, non-discriminatory reason for the adverse action." *Hollestelle v. Metro. Wash. Airports Auth.*, No. 97-1465, 1998 WL 228199, at *4 (4th Cir. May 8, 1998) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). Then, the burden shifts back to the Plaintiff to show that the employer's stated reason was pretextual. *Id.*

Defendant states that Ervin was suspended and terminated in those instances as a result of her continued insubordination. Def.'s Mem. in Supp. of its Mot. for Summ. J., 9-11, 23 (ECF

6

No. 16-1). Plaintiff did not comply with the company's time reporting procedures and was involved in an altercation over her projects with both her co-worker and supervisors. *Id.* However, Plaintiff has not provided evidence that ATK's non-discriminatory reasons are pretextual and therefore has not satisfied her burden.

As Plaintiff does not meet her burden concerning her retaliation claims and as her other claims are time barred, Defendant is entitled to summary judgment on Plaintiff's Title VII claims. Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Count Four.

## II. Plaintiff's FMLA Claim (Count I)

Defendant argues that Plaintiff's FMLA claim fails as a matter of law because not only does Plaintiff fail to establish a retaliation claim, but her claim is time-barred.

Under the FMLA, employers cannot discharge employees for taking FMLA leave. 29 U.S.C. § 2615(a)(2). To establish a *prima facie* case of retaliation under the FMLA, a plaintiff must demonstrate "(1) that she engaged in protected activity, (2) that the employer took adverse action, and (3) that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko v. Harrah'sNC Casion Co., LLC*, 446 F. 3d 541, 550-551 (4th Cir. 2006). The causal connection may also be satisfied, although not conclusively, by "temporal proximity." *Id.* Because "the *McDonell Douglas* burden-shifting framework" also applies in FMLA retaliation cases, once the employer provides a non-discriminatory reason for the adverse action, the plaintiff must demonstrate that this reason is pretextual to sustain her claims. *Jordan v. Radiology Imaging Assocs.*, 577 F. Supp. 2d 771, 786 (D. Md. 2008). In her complaint, Plaintiff alleges that her supervisor, Mr. Feveryear, was angry that she took FMLA leave and that

she failed to ask his permission. Plaintiff contends that this was the reason for her August 2007 suspension. Defendant, however, argues that Mr. Feveryear was not aware that she had taken FMLA leave nor was he involved in the FMLA leave approval process. Additionally, Defendant states that her suspension was due to her failure to comply with company time reporting procedures and her insubordination concerning her supervisors. Plaintiff has not provided information demonstrating that this reason is pretextual. Therefore, Plaintiff does meet her burden and fails to allege a retaliation claim under the FMLA.

Furthermore, under the act, an action may be brought "not later than two (2) years after the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). Where the violation is "willful," the Plaintiff has three (3) years to bring an action against an employer under the FMLA. *Id.* at 2617(c)(2). A violation of the Act is "willful" where the employer interferes with or denies an employee the rights provided in the Act or where an employer discriminates against or discharges an employee for exercising his FMLA rights. *Id.* at 2615. The Supreme Court held that employers acted willfully when they "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Mclaughlin v. Richland Shoe Co.*, 486b U.S. 128, 133 (1988).

In this case, Plaintiff was suspended in August 2007 and filed this action in December 2009. Although Plaintiff contends that her supervisor was upset about her taking FMLA leave and not seeking his permission before hand, she does not demonstrate that her supervisor willfully violated the FMLA. Moreover, Defendant states that Mr. Feveryear was not aware of Plaintiff's FMLA leave. Therefore, the two year statute of limitations applies. Because Plaintiff filed this action more than two years after the August 2007 suspension, her FMLA claim is time-

barred.

Hence, no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Count One.

### III. Plaintiff's FLSA Claim (Count II)

Defendant argues that Plaintiff's FLSA claim is barred by the statute of limitations. The Portal-to-Portal Pay Act provides that enforcement actions for violations of the FLSA must be commenced within two years "except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis supplied). Violations are willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133. Plaintiff was discharged on December 6, 2007 and filed the Complaint in the action before this Court on December 6, 2007. Plaintiff, however, does not demonstrate that Defendant's actions were willful violations of the FLSA.

Moreover, under the FLSA an employer may choose not to compensate an exempt employee for overtime and may make certain deductions from that employee's salary. 29 C.F.R. § 541.0. Deductions are permissible, *inter alia,* in instances where an employee is absent from work, is on sick leave for one or more days, is on disciplinary suspension for one or more days and where the employee takes FMLA leave. *See* 29 C.F.R. § 541.602. Because Plaintiff was an exempt employee, Defendant was not required to compensate her for overtime and was permitted to make deductions from her salary for her FMLA leave. Therefore, Defendant, ATK, acted in accord with its rights under the FLSA and the two year statute of limitations applies in this case.

As Plaintiff filed her action more than two years after her termination, her FLSA claim is time-barred.

Therefore, no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Count Two.

**IV.     Plaintiff's Wrongful Termination Claim (Count III)**

Finally, Defendant argues that Plaintiff cannot obtain relief under the Maryland law concerning the tort of wrongful discharge.

Under Maryland law, the tort of wrongful discharge is not available where statutory remedies exist. *See Chappell v. S. Md. Hosp., Inc.*, 578 A.2d 766, 773 (Md. 1990) (rejecting a wrongful discharge claim where the individual was able to "pursue a remedy under both the state and federal anti-discrimination statutes for his discharge from employment for apprising his employer of allegedly discriminatory employment practices"). It is well established in Maryland that "at-will employment 'can be legally terminated at the pleasure of either party at any time.' " *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 182 (Md. 1989) (citation omitted). The Maryland Court of Appeals created an exception to this rule in *Adler v. American Standard Corp.*, 432 A.2d 464 (Md.1981), when it established a cause of action for abusive discharge. The tort of abusive discharge in Maryland requires a showing that the plaintiff was terminated in contravention of a "clear mandate of public policy." *Id.* at 473. The elements of this tort are (1) that the employee was discharged; (2) the basis for the discharge violated some clear mandate of public policy; and (3) that there is a nexus between the employee's conduct and the employer's decision to fire the employee. *See, e.g., Shapiro v. Massengill,* 661 A.2d 202, 213 (Md. Ct. Spec

.App. 1995). The Court of Appeals has narrowly interpreted what constitutes a clear mandate of public policy, finding for employees primarily when they were discharged for refusing to act unlawfully, exercising a statutory duty, right, or privilege, and performing an important public function. *See Makovi,* 561 A.2d at 182.

In the Complaint, Plaintiff alleges that she was discriminated against because of her race and gender and that she was retaliated against for filing the February 2007 grievance. Title VII provides a sufficient remedy for these claims, regardless of whether Plaintiff was able to prove them. See *Chappell*, 578 A.2d at 773. Count III of the Complaint, therefore, contains no statements of public policy that are not addressed by the federal statutes and Maryland counterparts.

Thus, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Count Three.

## CONCLUSION

For the reasons stated above, Defendant Alliant Techsystems, Inc.'s Motion for Summary Judgment (ECF No. 16) is GRANTED.

A separate Order follows.

Dated: September 29, 2011        /s/_____
                                 Richard D. Bennett
                                 United States District Judge